UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>    *Plaintiff*,  )<br>)<br>    *v.*  )<br>)<br>Tether (USDT) held in four Target Wallets,  )<br>with the listed balances as of November 1, 2021  )<br>(for a total of 6,610,573.440928 USDT/ETH),  )<br>)<br>    *Defendant.*  ) | Case No: 2:25-cv-429 |

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America (the "United States"), by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, brings this verified complaint and alleges, upon information and belief, as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit brought pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for the forfeiture of the Property listed below. As discussed below, the Property constitutes proceeds of a cryptocurrency-based fraud scheme or was involved in the commission of a fraudulent offense, in violation of Title 18, United States Code, Sections 1349 (conspiracy to commit wire fraud), 1343 (substantive wire fraud) and 1956(h) (conspiracy to commit money laundering), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

### THE DEFENDANT IN REM

2. The defendant Property (hereinafter "the Property") consists of the following:

      a. Tether (USDT) held in four Target Wallets, with the listed balances as of November 1, 2021 (for a total of 6,610,573.440928 USDT/ETH):

        i. Target Wallet 1 (0x42D8568C56C44E070f51fF9D268b6388EF2f846D): USDT/ETH 1,275,940.00;
        ii. Target Wallet 2 (0x1097850B35dFeCD1B7e7CE9190aEba45c6c2b1E9): USDT/ETH 1,330,000.55;
        iii. Target Wallet 3 (0x6f2f58817dB62A31A0253495c7550444958daF17): USDT/ETH 3,121,468.387334; and
        iv. Target Wallet 4 (0xa0e283a75e498FEcaE3A5bD0170D89B9FC26BCe8): USDT/ETH 883,164.503594.

## JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), as this is a civil action commenced by the United States for the recovery and enforcement of a forfeiture under federal law and, as detailed herein, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), the Property is forfeitable as it constitutes or is derived from proceeds traceable to the offense of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and was involved in and traceable to laundering of funds in violation of 18 U.S.C. § 1956(h).

4. The Court has subject-matter jurisdiction over the Property pursuant to 28 U.S.C. §§ 1355(b)(1)(A), as certain acts or omissions giving rise to forfeiture occurred within this District. Further, the Court has *in rem* jurisdiction over the Property pursuant to 18 U.S.C. § 984.

5. Likewise, this District is a proper venue for this action pursuant to 28 U.S.C. § 1355(b)(2) because certain acts or omissions giving rise to forfeiture occurred in this District.

## STATEMENT OF FACTS

6. The pertinent facts supporting this claim are contained in the attached declaration of F.B.I. Special Agent Andrew Braley, incorporated herein.

## FIRST CLAIM FOR RELIEF

### (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(C))

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

9. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1343 (wire fraud).

10. The Property is personal property which constitutes or is derived from proceeds traceable to a wire fraud offense and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349.

11. Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

12. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

**SECOND CLAIM FOR RELIEF**

**(Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C))**

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

14. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of," 18 U.S.C. § 1956, "or any property traceable to such property" is subject to forfeiture to the United States.

15. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

16. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1956 (relating to the laundering of monetary instruments).

17. The Property is personal property which constitutes or is derived from, derived from proceeds of, or traceable to a money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

18. Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

19. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

## POTENTIAL CLAIMANTS

20. The potential claimants to the Property are Feng Chen and Tianqiong Xu. As set forth in the incorporated affidavit of F.B.I. Special Agent Andrew Braley, Chen and Xu left the United States on or about January 11, 2024 for China. On June 27, 2024, a grand jury in Burlington, Vermont indicted Chen and Xu for wire fraud, conspiracy to commit wire fraud and conspiracy to commit money laundering related to the fraud scheme that produced the Property in violation of 18 U.S.C. §§ 2, 1343, 1349, and 1956(h). On July 1, 2024, the U.S. Attorney's Office for the District of Vermont notified counsel in the United States who had previously represented Chen and Xu of the indictment and the warrants for Chen and Xu's arrest. Chen and Xu have not returned to the United States as of this time.

## CLAIM FOR RELIEF

21. Wherefore, the United States respectfully requests that the Court provide due notice to all parties to appear and show cause why the forfeiture should not be decreed; enter a judgment declaring the Property to be condemned and forfeited to the United States; and award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Dated at Burlington, in the District of Vermont, this 22nd day of April, 2025.

                                        Respectfully submitted,

                                        MICHAEL P. DRESCHER
                                        Acting United States Attorney

By:    */s/ Eugenia A. P. Cowles*
       EUGENIA A. P. COWLES
       Assistant U.S. Attorney
       U.S. Attorney's Office
       P.O. Box 570
       Burlington, VT 05402-0570
       (802) 951-6725
       eugenia.cowles@usdoj.gov
       *Attorney for the Plaintiff*

## **VERIFICATION**

I, Andrew Braley, a Special Agent with the Federal Bureau of Investigation, hereby verify pursuant to 28 U.S.C. § 1746 under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 22nd day of April, 2025.

                                        */s/ Andrew C. Braley*
                                        Andrew C. Braley
                                        Special Agent, FBI